UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62144-CV-ROSENBAUM

THE COSAC FOUNDATION, INC.,
d/b/a The Homeless Voice,

    Plaintiff,

v.

CITY OF PEMBROKE PINES and
DAN GIUSTINO, in his official capacity
as Chief of Police for the City of
Pembroke Pines,

    Defendants.
_____/

## ORDER

This matter is before the Court on Defendant City of Pembroke Pines's Supplemental Motion for Summary Judgment [ECF No. 35]. In this case, Plaintiff The Cosac Foundation, Inc., challenges the constitutionality of the City of Pembroke Pines's permitting scheme applicable to charitable solicitations. The Cosac Foundation, however, is exempt from the City's permitting requirements and has never submitted or been denied a permit to engage in charitable solicitations. For these reasons, The Cosac Foundation lacks standing to pursue its challenge to the City's permitting requirements, and summary judgment must be granted to the City.

### *Standard on a Motion for Summary Judgment*

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327

(1986). Where the record reveals no genuine issue of material fact and the movant is entitled to judgment as a matter of law, summary judgment should be granted. Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). Similarly, a fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48).

In considering a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. In conducting this analysis, the court must not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must go beyond the pleadings and respond with evidence of specific facts suggesting that a reasonable jury could find in his favor. *Shiver*, 549 F.3d at 1343. But even where an opposing party neglects to submit any alleged material facts in controversy, the court must still satisfy itself that the evidence of record supports the uncontroverted material facts that the movant has proposed before granting summary judgment. *Reese v. Herbert*, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004).

### *Material Facts*

The City of Pembroke Pines has passed a series of ordinances addressing charitable solicitation requirements within the City. These ordinances require "solicitors for charitable organizations" to register and obtain a permit from the Department of State under the provisions of Chapter 496, Fla. Stat. *See* ECF No. 1-3 at 3 (§ 113.02). A "charitable organization," in turn, is defined, in relevant part, as "[a] group which is or holds itself out to be benevolent, educational, voluntary health, philanthropic, humane, patriotic, religious, or eleemosynary organization . . . ," but the term does not "include a duly constituted religious organization or any group affiliated with and forming an integral part of that organization." *Id.* at 2 (§ 113.01). The City has construed the exemption from the definition of "charitable organization," and thus, from the permitting requirement, to refer to tax-exempt Section 501(c) organizations. ECF No. 35-3 at ¶¶ 3-5.

Plaintiff The Cosac Foundation, Inc., is a "religious based" nonprofit, tax-exempt corporation under Section 501(c) of the Internal Revenue Code. ECF No. 1, ¶ 4. It produces *The Homeless Voice*, a street newspaper that seeks to educate citizens about issues of homelessness and poverty. ECF No. 1, ¶ 5. It also operates a vendor program for the distribution of its newspaper in order to

give job skills and meaningful work to homeless persons. *Id*. at ¶ 5. Individual vendors distribute *The Homeless Voice* in the medians of roadways and on sidewalks. Although the newspaper is free, vendors seek voluntary donations from the public. *Id*.

The City has never received or denied a permit application from Cosac. ECF No. 35-3 at ¶ 3. Nor has the City ever collected a permit fee from Cosac. *Id.* at ¶ 4. Nevertheless, the City has, for years, allowed vendors of *The Homeless Voice* to distribute their newspapers throughout the City without applying for or receiving a permit. *Id.* at ¶ 5. Furthermore, the City has filed the affidavit of Judith A. Neugent, the City Clerk, attesting that the City's permitting scheme does not apply to Cosac. *See id.* at ¶ 5 ("the City's permitting scheme for charitable organizations has not, and will not serve as any impediment, whatsoever, to [Cosac]"). Cosac admits these facts and concedes that it "can not point to any . . . 'irreducible mini[m]um of injury in fact.'" ECF No. 38 at 3. Nevertheless, Cosac challenges the permitting scheme as an unconstitutional prior restraint and a violation of its equal-protection rights. *See* ECF No. 1 at ¶ 15.

### *Analysis*

Article III of the Constitution extends the jurisdiction of federal courts only to "Cases" and "Controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992) (citation omitted). The case-or-controversy restriction, in turn, imposes a dual limitation on federal courts, generally known as "justiciability." *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1998) (citing *United States v. Florida Azalea Specialists*, 19 F.3d 620, 621-22 (11th Cir. 1994) (citing *Flast v. Cohen*, 392 U.S. 83, 94-95 (1968))). Justiciability doctrine serves two purposes: (1) it aims to prevent the judiciary from infringing on the powers of the executive and legislative branches, and (2) it seeks to ensure that the judiciary considers only those matters presented in an adversarial

context. *Id.* (citing *Florida Azalea Specialists*, 19 F.3d at 621-22). Grounded in "concern about the proper — and properly limited — role" of an "unelected, unrepresentative judiciary" in our democratic society, justiciability doctrine imposes "fundamental limits on federal judicial power." *Allen v. Wright*, 468 U.S. 737, 750 (1984).

Justiciability doctrine is composed of "three strands": standing, ripeness, and mootness. *See Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1998). The failure of any one of these strands can deprive a federal court of jurisdiction. This case involves a standing problem.[1]

At an "irreducible constitutional minimum," standing imposes upon a plaintiff the requirement to make the following three showings:

> (1) the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical[;]'"
>
> (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court[;]" and
>
> (3) it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Socialist Workers Party*, 145 F.3d at 1244 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. at 560-61 (citing *Simon v. Easter Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976))). To fulfill the injury-in-fact requirement in a case where no enforcement of the challenged legal provision against the

---

[1] Pre-enforcement challenges also usually implicate ripeness concerns, and the line between standing's injury-in-fact requirement and ripeness often "blur[s]." *See Socialist Workers Party*, 145 F.3d at 1244-45. But, in this case, since absolutely no credible threat of enforcement, whatsoever, exists, the Court views this case as one involving only the doctrine of standing.

plaintiff has yet occurred, the plaintiff must "demonstrate 'a realistic danger of sustaining direct injury as a result of the statute's operation or enforcement.'" *Id.* at 1245 (citation and quotation marks omitted). A plaintiff may satisfy this standard in three ways: it may show that (1) the defendant threatened it with application of the challenged provision of law; (2) application of the challenged provision to the plaintiff is "likely"; or (3) a credible threat of application of the challenged provision to the plaintiff exists. *Id.* (citation omitted).

By its own admission, Cosac can make none of these showings. The City has never threatened it with application of the permitting scheme; the City has provided an affidavit attesting that application of the scheme to Cosac will not occur; and nothing in the facts suggests any threat — let alone a credible one — that the City will ever apply its permitting scheme to Cosac. Under these circumstances, Cosac has failed to demonstrate any injury in fact, and judgment must be entered for the City.

### *Conclusion*

For the foregoing reasons, Defendant City of Pembroke Pines's Supplemental Motion for Summary Judgment [ECF No. 35] is **GRANTED**. Judgment shall be entered by separate order.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 21st day of November 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record